# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 15, 2022

Lyle W. Cayce
Clerk

No. 21-10549

Anthony Polak,

*Plaintiff—Appellant*,

*versus*

Sterilite Corporation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2972

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:[*]

Appellant Anthony Polak was fired by his employer, Appellee Sterilite Corporation, for testing positive on a random drug test. Polak later sued Sterilite for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), asserting that Sterilite regarded him as disabled because it believed he was impaired due to drugs, when, in fact, he

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

was not under such an influence. The district court granted Sterilite's motion for summary judgment on all claims, and Polak appealed. *Polak v. Sterilite Corp.*, No. 3:19-CV-2972-D, 2021 WL 1753757, at \*1, \*11 (N.D. Tex. May 4, 2021).

We review summary judgment grants de novo. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). The problem for Polak, however, is that he has tried to take a termination for a random positive drug test by an at-will employer and place it in a category capable of litigation, i.e., the ADA.[1] This attempt to fit a square peg in a round hole fails for numerous reasons. Although Polak contests the accuracy of the test, he raises no fact issue as to whether the company received a positive test result. He also raises no fact issue regarding the randomness of the test, which was not based on some "perceived" disability.[2] *See* 42 U.S.C. § 12102(3)(A).

Despite Polak's invocation of the ADA, this case primarily concerns the violation of company policy. It is undisputed that Sterilite's drug policy allowed for "disciplinary action, up to and including termination" for a positive result on a drug test, and Polak tested positive on such a test. Based on the evidence presented,[3] he utterly fails to raise a fact issue regarding his

---

[1] Polak also claims that the district court violated Federal Rule of Civil Procedure 56 because it failed to view the evidence in the light most favorable to Polak, the nonmovant, and, instead, characterized the evidence in the light most favorable to Sterilite. This claim, like his other ADA claims, has no merit.

[2] Polak was required to demonstrate, among other things, that he "suffers from a disability." *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). Relevant here, the definition of a disability includes "being regarded as having such an impairment." 42 U.S.C. § 12102(1)(C), (3)(A). Polak cannot make this showing; he provides no evidence that Sterilite regarded him as having a physical or mental impairment. Indeed, Polak seemingly *admitted* that he did not know whether Sterilite regarded him as being disabled.

[3] Of course, it is possible to imagine a scenario where a company fires an employee for supposedly violating company policy, but that justification was pretext. For example, a sufficient ADA claim may arise if a disabled employee, along with other non-disabled

discrimination claim. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002) (noting the relevant framework for circumstantial evidence of employment discrimination); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (explaining the relevant framework).

The retaliation claim, on the other hand, is based on Polak's argument that after he was fired for testing positive, he was not rehired. However, Polak fails to raise any fact issue as to whether he actually applied to be rehired, which is fatal to his claim. *See Thomas v. Tregre*, 913 F.3d 458, 463–64 (5th Cir. 2019). His futility argument is similarly baseless.[4]

AFFIRMED.

---

employees, violates a company policy, but the employer only fires the disabled employee. That is not the situation presented here. Moreover, without more, even assuming arguendo that Sterilite might have violated its own policies, that would not raise a fact issue sufficient to establish Polak's discrimination claim. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) ("A defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other . . . employees . . . ." (quotation omitted)).

[4] Polak appears to misconstrue the burden he must meet as to futility. *See Thomas*, 913 F.3d at 464 n.6. Moreover, there is substantial evidence that, had he applied, his efforts would *not* have been futile.